# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| CLYDE WALLACE BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3036 |
| | ) | |
| RYAN SIMS, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated while he was a pretrial detainee at the Sangamon County Jail.  The plaintiff attempts to state a claim for malicious prosecution against the following Sangamon County State's Attorneys and Assistant State's Attorneys for malicious prosecution: Jamiela Kassem, Matthew Weir, Gray Noll, John Milhieser, and John Schmitt.  Plaintiff attempts to state a conspiracy claim against Springfield Police Detective Ryan Sims and the Springfield Police Department for conspiring with the State's Attorney's office to maliciously prosecute him.  According to Plaintiff he was charged with ten counts of robbery, armed robbery, and aggravated robbery, but no evidence existed to support the charges.  While in custody, Plaintiff was charged with a different robbery charge, and he was convicted on this separate charge. The Sangamon County State's Attorney then dismissed the original ten counts against him.

1

Plaintiff's complaint fails to state a claim. To state a claim for malicious prosecution under § 1983, Plaintiff must show that: "(1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Washington v. Summerville*, 127 F.3d 552, 558–59 (7th Cir. 1997). Plaintiff has not satisfied the state law requirements for two reasons. First, in order to overcome the immunity that these Defendants have, Plaintiff must allege that his prosecution was motivated by malice. *Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000). Plaintiff's complaint does not contain any allegations of malice that would deprive defendants of their immunity in performing their official functions in this case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)(prosecutors are immune from civil suit under § 1983 for "initiating a prosecution and in presenting the State's case."). Second, although malicious prosecution claims are allowed by the Illinois Tort Immunity Act, the Act establishes a one-year limitations period for such claims. 745 ILCS 10/8–101. "A malicious prosecution claim accrues on the date that the case was terminated in the plaintiff's favor." *Carr v. City of Chicago Police Dept.*, 2011 WL 3793416, * 3 (N.D. Ill. Aug. 22, 2011). According to the document attached to his complaint, the charges were dropped against Plaintiff on January 16, 2013, but he did not file his Complaint until February 2, 2015. Therefore, this case is barred by the applicable statute of limitations, and it must be dismissed.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is dismissed. This case is terminated.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.

4. The plaintiff's petition for leave to proceed in forma pauperis is granted (#7). Pursuant to 28 U.S.C. Section 1915(b) (4), the initial partial filing fee is waived. The agency having custody of plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's account to the Clerk of Court. The agency having custody of the plaintiff shall forward these payments each time plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The clerk is directed to mail a copy of this order to plaintiff's place of confinement, to the attention of the Trust Fund Office.

5. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 3RD day of March, 2015.

/s/Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE